ORIGINAL

FILED
SEP 2 2 2016
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 16-471C
(Filed: September 22, 2016)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
SERAJUL HAQUE,                                     *
                                                   *
            Plaintiff,                             *
                                                   *
    v.                                             *
                                                   *
THE UNITED STATES,                                 *
                                                   *
            Defendant.                             *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

Plaintiff's complaint appears to be a form complaint for judicial review of a decision of the Commissioner of Social Security in the United States District Court for the Northern District of California, although Plaintiff has altered the caption to reflect the name of this Court. This form complaint states that "this court has jurisdiction pursuant to Title 42, U.S.C. §405(g)."

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The statute Plaintiff invokes to establish jurisdiction, 42 U.S.C. § 405(g), provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

> within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g) (2015). Because Plaintiff's action could only have been brought in district court, this Court lacks jurisdiction. Id.; Ross v. United States, 122 Fed. Cl. 343, 347 (2015).

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action for lack of jurisdiction.

MARY ELLEN COSTER WILLIAMS
Judge